In the Matter of the Compensation of
Geraldo Mosqueda, Claimant.

MOSQUEDA,
*Petitioner,*

*v.*

ESCO CORPORATION,
*Respondent.*

(WCB Case No. 79-08138, CA A21181)

636 P2d 431

Noreen K. Saltveit, Portland, argued the cause for petitioner. With her on the brief were Karen L. Fink, and Merten & Saltveit, P.C., Portland.

Emil Berg, Portland, argued the cause for respondent. On the brief were Daryll E. Klein and Wolf, Griffith, Bittner, Abbott & Roberts, Portland.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

**WARDEN, J.**

Claimant appeals from an order of the Workers' Compensation Board affirming the referee's determination that claimant had not suffered an aggravation of his low back since the time of the last award on January 24, 1978. We reverse and remand.

The sole question is whether claimant has established a worsening of his condition. In finding that claimant had not proved an aggravation, the referee viewed the evidence as follows. Claimant's wife testified at the hearing that claimant's pain was the same as ever. A neurological specialist, Dr. Mason, testified by deposition that claimant's condition had been "basically" the same over the past three years. Orthopaedic Consultants reported in August, 1979, that claimant's condition had not substantially worsened since 1977. Certain objective findings of increased limitations in March, 1980, could be discounted as not "amounting to much," because the treatment claimant was undergoing was not curative but was rather for maintenance purposes.

We accord relatively little weight to the wife's responses to questions designed to elicit the degree of worsening claimant had experienced. The wife spoke only Spanish and required an interpreter. It is not clear that she understood the questions asked. Her response to the question whether her husband's back had changed since he injured it in 1977 was that, although her husband was relieved temporarily when he received therapy, the rest of the time her husband's pain was "equal." That could as well describe the constancy of the pain problem as it could a lack of worsening.

We find more significant the finding by Dr. Mason of objective worsening in March, 1980, some months after the last examination and report of Orthopaedic Consultants. As Dr. Mason explained in his deposition, claimant had

"changes in lumbar curvature which hadn't been described previously. He still has possibly more limitation as far as range of movement. And the tendon reflexes were decreased in both knee kicks and ankle jerks * * * . [T]here is some increased neurological deficit * * * ."

Dr. Mason noted that claimant's straight-leg raising had decreased in extension from 60%, reported in 1976, to 30% in May, 1979, to 20% by March, 1980, a decrease he termed "significant." Contrary to the referee's characterization of the deposition testimony of Dr. Mason, that physician testified that he had found evidence of worsening:

"And my feeling would be is that his condition is worse in 1980 and that it's on the basis of his examination done on that day [March 28, 1980], even though, you know, the basic problem is a chronic problem, and that he really has the same complaints in 1980 that he had in 1976. *I think his condition was worsened to a degree.* I think there is evidence on his examination that would make me think so." (Emphasis added.)

■■ . The physician's testimony is sufficient, in our view, to establish a compensable worsening. It is irrelevant that the treatment for claimant's low back is not "curative." Furthermore, claimant needed to show only a worsening of his original condition to establish aggravation under ORS 656.273(1);[1] it is not required that he show a *substantial* worsening.

Because we find claimant has proved a compensable aggravation of his condition, we reverse and remand to the Board with instructions that the claim be accepted, and for further proceedings consistent with this opinion.

---

[1] ORS 656.273(1) provides as follows:

"After the last award or arrangement of compensation, an injured worker is entitled to additional compensation, including medical services, for worsened conditions resulting from the original injury."