Argued and submitted June 29, reversed in part September 26, 1984

In the Matter of the Compensation of
Thomas L. Clark, Claimant.

CLARK,
*Petitioner,*

*v.*

SAIF CORPORATION,
*Respondent.*

(WCB No. 82-07391; CA A30404)

688 P2d 128

James S. Coon, Portland, argued the cause for petitioner. With him on the brief were Douglas S. Green and Welch, Bruun and Green, Portland.

Donna Parton Garaventa, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Claimant petitions for review of a Workers' Compensation Board order which reversed the referee and held that claimant had failed to prove his aggravation claim. We reverse.[1]

Claimant suffered compensable low back injuries in November, 1978, and June, 1979, for which SAIF was responsible. A determination order was issued in August, 1982, awarding him temporary total disability through June 11, 1982, and affirming an earlier award of 25 percent unscheduled permanent partial disability. In order to establish his aggravation claim, claimant must prove a worsening subsequent to that date.

The referee held that claimant had established that he was not medically stationary and that further curative treatment was necessary.[2] The Board reversed, agreeing with SAIF that "claimant is not entitled to reopening of his claim unless and until he undergoes the decompression surgery that has been suggested by Dr. Kendrick, and that claimant's condition remains medically stationary."

The primary medical evidence on which the referee relied in finding claimant's condition to be aggravated was the September 7, 1982, opinion of Dr. Kendrick, the treating physician, who stated that claimant has continued to worsen. He recommended that a decompression laminectomy be performed. Thereafter claimant saw Dr. Raaf, who stated that he should not go back to work as a millwright. Dr. Raaf noted that he would not recommend decompression surgery unless claimant were unable to do even light work. If a decompression were done, he would recommend that a fusion also be done. Dr. Kendrick stated that he agreed with the conclusion of Dr. Raaf that, if claimant could do light work, no further procedure should be done. Dr. Kendrick further stated that,

---

[1] The Board also increased claimant's award of permanent partial disability to 35 percent. Claimant has appealed that as an insufficient award. Given our determination that claimant is not medically stationary, we do not need to reach this issue.

[2] The referee also ordered that the determination order be set aside. Because this is an aggravation claim in which a claimant must establish only a worsening since the date of the determination order, that part of the order, as recognized by the Board, was incorrect.

without the additional surgery, claimant could not return to work as a millwright, could not do any heavy lifting or mechanical work, could not be in any one position for a long period of time and could not do any crawling, stooping, frequent bending at the waist or frequent twisting.

The Board, in evaluating the medical reports, appears to have concluded that, because the doctors stated that surgery would not be recommended if claimant could do light work, his condition had not been aggravated. However, the issue is not whether claimant should or will undergo additional surgery. The issue in an aggravation claim is whether a claimant has established, by a preponderance of the evidence, that his condition has worsened since the last arrangement of compensation and that the worsening is causally related to the industrial injury. The worsening need not be substantial. *Mosqueda v. ESCO Corporation,* 54 Or App 736, 739, 636 P2d 431 (1981), *rev den* 292 Or 450 (1982). The best evidence in this case is the September 7, 1982, report by Dr. Kendrick, in which he specifically states that claimant has continued to worsen. Although he recommends a decompression laminectomy and in a later report states that, if claimant could do light work, he would not recommend the procedure, he never changed his conclusion that claimant had worsened as of September, 1982. Dr. Raaf, who only saw claimant on one occasion, did not attempt to give any opinion whether his condition had worsened since the date of the determination order.

Because the only medical evidence in the record establishes that claimant's condition worsened after the last arrangement of compensation, claimant was entitled to have his claim reopened. We therefore reverse the Board's order and reinstate the referee's order, except for the portion which states that the determination order of August 20, 1982, is set aside.

Reversed in part; referee's order reinstated except that determination order of August 20, 1982, is not set aside.